UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JESSE DIAZ,

    *Plaintiff*,

v.                                                                  Case No. 5:24-CV-00887-JKP

DEBORAH WIGINGTON; CARTER
CASTEEL; STEVE WIGINGTON;
SGT. CHRIS GERHARDT; AND
HEATHER KELLAR,

    *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is the status of this case. Upon consideration, the Court dismisses this case for lack of subject matter jurisdiction.

### BACKGROUND

Plaintiff Jesse Diaz ("Diaz"), proceeding *pro se*, filed this action against Defendants Deborah Wigington, Carter Casteel, Steve Wigington, and Heather Kellar. *ECF No. 1*. Diaz filed a First Amended Complaint adding Sergeant Chris Gerhardt as an additional Defendant. *ECF No. 6*. In the First Amended Complaint, Diaz seeks relief—in the form of a Writ of Review and Declaratory Judgment—against Defendants for allegedly violating Diaz's constitutional rights during child custody proceedings in the 433rd District Court in Comal County, Texas. *ECF No. 1 at 1; ECF No. 6 at 1–2*. Specifically, Diaz seeks declaratory relief voiding a default judgment entered against him and voiding "all actions" taken by the court in the child custody proceedings. *ECF No. 6 at 12–13*. On August 20, 2024, Diaz filed an Emergency Motion to Stay Proceedings in the Comal County case. *ECF No. 8*.

**LEGAL STANDARD**

Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, treaty, or the Constitution, they lack the power to adjudicate a claim. *See Cuquenan v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts must therefore dismiss an action whenever it appears federal subject matter jurisdiction is lacking. *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Accordingly, federal courts may *sua sponte* dismiss a complaint on subject matter jurisdiction grounds even if the defendants have not yet been served. Fed. R. Civ. P. 12(h)(3).

**ANALYSIS**

**I.   Review of State Court Orders**

Under the *Rooker-Feldman* doctrine, federal courts generally lack jurisdiction to review, modify, or nullify final orders of state courts. *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983)). Consequently, district courts may not consider collateral attacks on state court judgments, even if a party alleges the state court's actions were unconstitutional. *Liedtke*, 18 F.3d at 317. Any constitutional questions that are "inextricably intertwined" with the issues in the state court proceeding must be resolved by the state courts. *See id*. at 317. A litigant aggrieved by an adverse decision of the state courts on a constitutional question has a remedy in the Supreme Court of the United States through a petition for writ of certiorari. *See id*. at 317; *Howell v. Supreme Court of Tex.*, 885 F.2d 308, 311 (5th Cir. 1989). Even if the constitutional issues are not raised in the state court proceeding, the federal courts still lack jurisdiction to address such questions if they are inextricably intertwined with the state court decision. *See Feldman*, 460 U.S. at 484 n. 16; *Howell*, 885 F.2d at 312.

In the First Amended Complaint Diaz alleges violations of the Fourth, Fifth, and Fourteenth Amendments, as well as violations of the Texas Constitution and Bill of Rights, intentional infliction of emotional distress, and negligence. *ECF No. 6 at 4–7.* As a result of these alleged violations, Diaz explicitly requests the Court issue declaratory relief voiding a default judgment entered against him in September 2023 and voiding "all actions" taken by the court in the child custody proceedings. *Id. at pp. 3, 12, 13*.

To the extent Diaz's child custody proceedings are final, Diaz's claims in this litigation are barred by the *Rooker-Feldman* doctrine because they invite district court review and rejection of the state court's child custody rulings. Diaz cannot circumvent the *Rooker–Feldman* doctrine merely by recasting a complaint in the form of a federal civil rights action. *Richard v. Hoechst Celanese Chem. Group, Inc.*, 355 F.3d 345, 352 (5th Cir.2003).

## II. Subject Matter Jurisdiction

Federal courts do not have jurisdiction to decide domestic relations disputes. *Franks v. Smith*, 717 F.2d 183, 185 (5th Cir. 1983). "If the federal court must determine which parent should receive custody [or] what rights the noncustodial parent should have," the court should dismiss the case pursuant to the domestic relations exception. *Rykers v. Alford*, 832 F.2d 895, 899–900 (5th Cir. 1987). Additionally, federal courts must abstain from granting equitable relief where: (1) the dispute involves an ongoing state judicial proceeding; (2) the subject matter of the state proceeding implicates an important state interest; and (3) the state proceedings afford an adequate opportunity to raise constitutional challenges. *Younger v. Harris*, 401 U.S. 37, 41–52 (1971). Family and child custody are important state interests. *Moore v. Sims*, 442 U.S. 415, 434 (1979).

Even if the child custody proceedings are ongoing, there is ample reason for this Court to decline to move forward with Diaz's present action. Here, Diaz seeks relief from this Court to determine a domestic relations dispute of child custody. There is no reason to conclude Diaz cannot adjudicate his claims in state court. In sum, whatever the status of the underlying state court proceedings, this Court cannot entertain any request for relief or any cause of action.

Finally, the "well-pleaded complaint rule," provides federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). As part of the relief Diaz seeks, he alleges "PURSUANT TO 28 U.S.C. 1331 . . . THE STATE ADR LAW IS REPUGNANT TO THE CONSTITUTION." *ECF No. 6 at 12*. To the extent Diaz appears to challenge the constitutionality of a Texas statute, Diaz's First Amended Complaint does not identify any specific statutory authority.

## IV. CONCLUSION

For the reasons stated, it is **ORDERED** Plaintiff Jesse Diaz's First Amended Complaint (*ECF No. 6*) is **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h).

**IT IS FURTHER ORDERED** any pending motions are **DENIED AS MOOT**.

The Clerk of Court is **DIRECTED** to terminate this case and issue a final judgment.

It is so **ORDERED**.
SIGNED this 26th day of September, 2024.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE

4